UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR Credit Card Fraud Investigation | ML. NO. 19-86 |

*Reference:*   DOJ Ref. # CRM-182-66392

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Angela S. George, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this request and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from the Czech Republic In support of this application, the United States asserts:

RELEVANT FACTS

1. The Central Authority of the Czech Republic, the Supreme Public Prosecutor's Office of the Czech Republic, submitted a request for assistance (the Request) to the United States, pursuant to the Treaty between the United States of America and the Czech Republic on Mutual Legal Assistance in Criminal Matters, Czech – U.S., Feb. 4, 1998, S. TREATY DOC. NO. 105-47 (1998), as supplemented by the Supplementary Treaty on Mutual Legal Assistance in Criminal Matters Between the United States of America and the Czech Republic, Czech –

U.S., May 16, 2006, S. TREATY DOC. NO. 109-13 (the Treaty). As stated in the Request, the Municipal Public Prosecutor's Office in Prague is investigating David Hanus (Hanus), as the owner and managing director of limited liability company, IM Crystal Group, s.r.o. (IMCG), IMCG, and Yevhenii Chumash (Chumash), as an accomplice to Hanus, for violation of criminal offenses, specifically, fraud and unauthorized obtaining, forgery and alteration of means of payment, which occurred between in or about August 2014 and November 2014, in violation of the criminal laws of the Czech Republic, namely, Sections 209 and 234 of the Penal Code of the Czech Republic. Under the Treaty, the United States is obligated to render assistance in response to the Request.

2. According to authorities in the Czech Republic, on August 22, 2014, David Hanus, owner and managing director of IMCG, a limited liability company domiciled in Prague, Czech Republic, entered into a contract with Komercni banka (Kormercni), a Czech Republic bank, to receive a portable payment terminal (also known as a POS terminal) to accept and process credit card payments for services provided by IMCG to its customers. The contractual agreement limited possession of and access to the POS terminal to Hanus as the owner and managing director of IMCG and was provided for the purpose of accepting electronic payments via bank cards for business services provided to IMCG's customers on the premises of IMCG's office located in Prague. The payments, if authorized, would be credited to IMCG's bank account, account number XXX-XXXXX0247, at Komercni.

3. Within days of receiving the POS terminal from Komercni, on August 27, 2014, Hanus gave the equipment to Chumash in breach of the contractual agreement. From August 27, 2014 to September 5, 2014, approximately 254 bank cards were used to process transactions without bank cards being physically presented, a breach of the POS terminal contractual

agreement, and approximately 336 unauthorized transactions were executed in this manner. Some of these transactions were authorized by Komercni and others were rejected. The existence of these unauthorized transactions were discovered because Komercni was monitoring suspicious transactions being processed through the POS terminal equipment given to Hanus. Specifically, on August 27, 2014, September 5, 2014, September 6, 2014, October 30, 2014, November 9, 2014, November 19, 2014 and November 20, 2014, unsuccessful payment attempts, identified as suspicious POS terminal transactions by Komercni, were made in the amount of 2,003,329 CZK (approximately $89,380 USD). In addition to these transactions, there were successful payments that were authorized, and these payments equaled 684,274 CZK (approximately $30,350 USD) and were credited to Hanus's bank account at Komercni.

4. Hanus gave a statement and admitted that he provided business services to customers at the address in Prague from the end of May 2014 to beginning of June 2014 and ceased his business activity as early as October 2014. Some portion of the aforementioned transactions were processed on dates, October 30, 2014, November 9, 2014, November 19, 2014 and November 20, 2014, that Hanus admits that he was no longer providing services to IMCG customers. Further, both bank account statement and camera surveillance records obtained by Czech authorities from Komercni reveal that Hanus made cash withdrawals from IMCG's bank account at several Komercni branches in the amount of 496,900 CZK (approximately $22,170 USD) from October 1, 2014 to November 19, 2014, dates on which he was not conducting business on behalf of IMCG at its office. Given that he admitted that he ceased business activities in early October 2014, Czech authorities reasonably infer and conclude that some, if not all, of these funds were fraudulently obtained from transactions processed via the POS terminal equipment for purposes other than business services provided by Hanus at IMCG's

office and were used for his personal needs.

5. From an investigative report produced by Komercni, Czech authorities learned 10 credit cards issued by two financial institutions in the United States – Ascend Federal Credit Union and JHA Payment Processing Solutions - were used to process fraudulent transactions through the POS terminal equipment given to Hanus. These credit card account numbers are: (1) account numbers XXXXXXXXXXXX0922 and XXXXXXXXXXXX4040 (issued by Ascend Federal Credit Union) and (2) account numbers XXXXXXXXXXXX4295, XXXXXXXXXXXX0653, XXXXXXXXXXXX3194, XXXXXXXXXXXX3788, XXXXXXXXXXXX0170, XXXXXXXXXXXX0474, XXXXXXXXXXXX3189, and XXXXXXXXXXXX5134 (issued by JHA Payment Processing Solutions).

6. To further the investigation, Czech authorities have asked U.S. authorities to provide records pertaining to the aforementioned credit card account numbers at Ascend Federal Credit Union and JHA Payment Processing Solutions in the United States to: (a) identify transactions and the holder(s) of the credit card accounts and (b) interview the holder(s) of the credit card accounts as well as representatives at the respective financial institutions, if they are located in the United States.

## LEGAL BACKGROUND

7. A treaty[1] constitutes the law of the land. U.S. Const. art. VI, cl.2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v.

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

Stuart, 489 U.S. 353 (368) (1989) (internal quotation marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

8. The United States and the Czech Republic entered into the Treaty to promote more effective cooperation and assistance between the parties in criminal matters. See Treaty pmbl. The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures. Article 1. In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Article 5(1) ("The… courts…shall have…authority to issue such orders to execute a request…as are authorized under the laws of the Requested State…").

9. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \*           \*           \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*           \*           \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority

5

responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

10. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders which are necessary to execute a foreign request.

11. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4] Upon

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were previously executed); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA." Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. See 18 U.S.C. § 3512(a)(1)-(b)(1). In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. 18 U.S.C. § 3512(a)(1).

12.  Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents. The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f). A sample "Commissioner Subpoena" is included as Attachment A.

## REQUEST FOR ORDER

13.  The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is

---

[5] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1) and Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," the Supreme Public Prosecutor's Office of the Czech Republic, the designated Central Authority in the Czech Republic and seeks assistance in the investigation of fraud – a criminal offense in the Czech Republic. The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records and witness interviews, falls squarely within that contemplated by both the Treaty and Section 3512. Finally, this application was properly filed in the District of Columbia.

14.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

15.     When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F.

Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person other than the recipient(s) of the commissioner subpoena(s).

16. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Angela George, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent supplemental requests in connection with the same matter, to do so in a manner consistent with the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: *Angela S. George*
Angela S. George, Trial Attorney
D.C. Bar Number 470567
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 514-4653
Angela.George@usdoj.gov

# ATTACHMENT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF USA PURSUANT )
TO 18 U.S.C. § 3512 FOR ORDER FOR )
COMMISSIONER'S APPOINTMENT FOR )
Credit Card Fraud Investigation )
)

*Reference: DOJ Ref. # CRM-182-66392*
***(Please repeat when responding.)***

## COMMISSIONER'S SUBPOENA

TO: Ascend Federal Credit Union

I, Commissioner Angela S. George, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this Court's Order signed on _____, for the purpose of rendering assistance to _____, command that you provide the following documents regarding (an) alleged violation(s) of the laws of _____; specifically, _____, in violation of Section _____ of the _____ Code.

Provide records to International Affairs Specialist _____ by emailing them to _____ or by mailing via FedEx either a paper copy of the records or any commonly used digital storage device loaded with the files to the following mailing address by _____, 20__:

International Affairs Specialist Vyacheslav Dade
U.S. Department of Justice
Office of International Affairs
1301 New York Avenue, N.W., 8th Floor
Washington, D.C. 20530
Vyacheslav.Dade@usdoj.gov
(202) 616-5627

Pursuant to the Court's Order signed on _____, 20\_\_, no notice of this subpoena or its contents is to be given to any person unless otherwise authorized to do so by the Court, except that _____ may notify _____ attorney for the purpose of obtaining legal advice.

For failure to provide records or for disclosure of the existence of the subpoena, you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____

COMMISSIONER _____
Angela S. George
Trial Attorney
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 514-4653
Angela.George@usdoj.gov